JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-09273-RGK-PDx | Date | February 8, 2022 |
|---|---|---|---|
| Title | S. Shamouni v. Subaru of America et al. | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon Williams (not present) | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand [DE 20]

## I.  INTRODUCTION

On November 19, 2020, Sargiz Shamouni ("Plaintiff") filed a Complaint in state court against Subaru of America, Inc. ("SOA") and Ladin Hyundai Subaru ("Ladin") (collectively, "Defendants"), alleging the following claims against SOA under the Song-Beverly Act: (1) violation of Civil Code § 1793.2(d), (2) violation of Civil Code § 1793.2(b), (3) violation of Civil Code § 1793.2(a)(3), (4) violation of Civil Code §§ 1791.2(a) and 1794, and (5) fraud. Plaintiff also alleges a claim against Ladin for violating Civil Code §§ 1791.1, 1794, and 1795.5. On November 29, 2021, SOA removed the action to federal court.

Presently before the Court is Plaintiff's Motion to Remand. For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## II.  JUDICIAL STANDARD

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. The defendant removing the case to federal court bears the burden of establishing the jurisdictional facts, namely the amount in controversy and complete diversity of the parties. *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). Where a plaintiff contests a jurisdictional fact, the defendant must establish that fact by a preponderance of evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Courts must "strictly construe the removal statute against removal jurisdiction" and must remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-09273-RGK-PDx | Date | February 8, 2022 |
|---|---|---|---|
| Title | *S. Shamouni v. Subaru of America et al.* | | |

### III. DISCUSSION

Plaintiff challenges SOA's removal on several grounds: (1) SOA has not shown that the amount in controversy exceeds $75,000; (2) the removal was untimely; and (3) SOA has not established that Ladin, a California citizen, was fraudulently joined. Upon review of the parties' arguments, the Court finds that SOA's amount in controversy calculations are too speculative to establish the jurisdictional amount by a preponderance of evidence. In light of this finding, the Court does not address Plaintiff's other grounds for its jurisdictional challenge.

The Song-Beverly Act provides that "[I]f the manufacturer . . . does not service or repair the goods to conform to the applicable express warranties after a reasonable number of attempts, the manufacturer shall either replace the goods or reimburse the buyer in an amount equal to the purchase price paid by the buyer, *less that amount directly attributable to use by the buyer* prior to the discovery of the nonconformity." Cal. Civ. Code § 1793.2 (d) (emphasis added); *see also Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002).

Here, Plaintiff entered into an installment contract for the Vehicle, wherein the Vehicle's purchase price of $31,354.00 would be fully paid as of April 27, 2019. (Ruggerello Decl. Ex 2, ECF No. 4–2.) SOA, however, calculates both damages and civil penalties using the full purchase price, without subtracting the "amount directly attributable to use by the buyer" as described in Cal. Civ. Code § 1793.2(d). (*See* Def's Opp'n. at 9:5–12.) Given the Vehicle is nearing seven years old and likely used by Plaintiff during that time period, it is reasonable to assume that SOA's damages estimate is grossly overinflated.

With respect to estimating other additional damages (e.g., incidental damages and attorney's fees), SOA states that it used a "reasonable amount of intelligence . . . [in] considering [those] additional damages" (*Id.* at 9:14–15, 11:6–9.). However, SOA fails to provide evidence or a proposed estimate of what those additional damages might amount to. SOA simply states, "it is apparent that the amount in controversy clearly exceeds the jurisdictional minimum of $75,000." (*Id.* at 11:6–9.) The Court finds that inclusion of these items in the total amount in controversy is improper, as it would be based only on vague speculation.

Because SOA has alleged insufficient facts to establish that civil penalties, incidental or general damages, and attorneys' fees exceed the required amount in controversy, any calculation performed by SOA is too speculative. Thus, SOA has failed to establish the jurisdictional amount by a preponderance of evidence.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-09273-RGK-PDx | Date | February 8, 2022 |
|---|---|---|---|
| Title | *S. Shamouni v. Subaru of America et al.* | | |

### IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

_____ : _____